IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 20-01105 (ESL) |
| LUIS ANGEL DEL VALLE SEIJO | CHAPTER 13 |
| Debtor | |
| LUIS ANGEL DEL VALLE SEIJO | ADV. PROC. NO. 21-00007 (ESL) |
| Plaintiff | |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for STRUCTURED ASSET SECURITIES CORPORATION ASSISTANCE LOAN TRUST 2003-AL2, SERIES 2003-AL2; NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; ALDRIDGE PITE, LLP | |
| Defendants | |

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion to Dismiss Complaint and the Memorandum of Law in Support of Motion to Dismiss* (Docket Nos. 19 & 20) filed by defendant Aldridge Pite, LLP (hereinafter referred to as the "Defendant" or "Aldridge Pite") arguing that the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because: (i) the complaint fails to allege well pleaded facts to establish that the Defendant is a "debt collector" and/or a "collection agency" as defined in section 1692(a)(6) of the Fair Debt Collection Practices Act ("FDCPA"). "Plaintiff's self-serving allegation that "Defendant Aldridge is a law firm regularly engaged to collect or attempt to collect directly or indirectly, [debts] owed or due or asserted to be owed or due to another' is a conclusory allegation unsupported by any fact and ought not to be considered to defeat a motion to dismiss;" and (ii) courts have consistently ruled that filing a proof of claim in bankruptcy court does not constitute

-1-

the sort of abusive collection practice proscribed by the FDCPA, and that such a filing cannot serve as the basis for an FDCPA action (Docket No. 20). The Plaintiff/ Debtor filed his *Opposition to Motion to Dismiss Count III, But Agreement or Consent to Dismissal of Count II* contending that: (i) the Complaint sufficiently pleads that Defendant is a "debt collector" as defined under the FDCPA. Defendant's *Motion to Dismiss* lacks any factual basis to oppose Plaintiff's allegations; and (ii) "Defendant's legal contention that the Bankruptcy Code and Bankruptcy Rules preempt an FDCPA claim for the filing of a violative proof of claim, has been universally rejected by all, but one court, which have recently considered the issue." (Docket No. 32). For the reasons stated herein, the Defendant's *Motion to Dismiss* is hereby granted.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

## Procedural Background

The Debtor filed his first bankruptcy petition under Chapter 7 of the Bankruptcy Code on May 6, 2016 (Case No. 16-03694). The Debtor included in Schedule A/B: Property a fee simple ownership interest in a single-family home in Bo. Candelaria Carr 647, Km. 5.6 in Vega Alta, PR and disclosed that the current value of the entire property was in the amount of $60,000.00 and the current value of the portion he owned was in the amount of $60,000.00. The debtor also disclosed that the property was made of concrete and had three (3) bedrooms, bathroom, kitchen, living and dining rooms. (Case No. 16-03694, Docket No. 1). The Debtor in Schedule C: The Property You Claim as Exempt included the same property as in Schedule A/B and disclosed that the amount of the exemption was $60,000.00 pursuant to PRLA §§ 385(a), 1851-1857. The Debtor in Schedule D: Creditors Who Have Claims Secured by Property disclosed that there were no creditors that had secured claims over his property. (Case No. 16-03694, Docket No. 1). The Debtor in Schedule E/F: Creditors Who Have Unsecured Claims included Nationstar Mortgage

with an unsecured claim for a personal loan in the amount of $35,900.00 (Case No. 16-03694, Docket No. 1). On June 16, 2016, U.S. Bank National Association as Indentured Trustee for Structured Asset Securities Corporation Assistance Loan Trust 2003-AL2, Series 2003-AL2 ("U.S. Bank") filed a *Motion for Relief from the Automatic Stay* based upon a mortgage that is secured with the real property Debtor claimed as exempt. U.S. Bank requested the court relief from the stay to proceed with foreclosure proceedings and obtain possession of the property. (Case No. 16-03694, Docket No. 8). On June 21, 2016, the Debtor filed a *Motion to Amend its Chapter 7 Statement of Intention* by which the Debtor informed its intention of retaining the real property that secures a debt and direct payments to mortgage creditor Nationstar Mortgage, LLC (Case No. 16-03694, Docket No. 12). On July 4, 2016, the Debtor filed his *Response to the Motion for Relief from Stay* requesting thirty (30) days to reach an agreement or cure all post-petition arrears with U.S. Bank (Case No. 16-03694, Docket No. 15). On July 12, 2016, a hearing was held as to U.S. Bank's request for relief from the automatic stay and the Court ordered that, "[u]pon the parties agreement, the Debtor to cure arrears within fifteen (15) days. Failure to do so, the stay will be lifted automatically." (Case No. 16-03694, Docket No. 16). On July 19, 2016, the parties filed a *Settlement Agreement.* As part of the terms and conditions of the Settlement Agreement, the following were included: (i) "[t]he Debtors recognize and admit that Secured Creditor is secured by virtue of a validly perfected mortgage lien that encumbers a real property of the estate described in the preamble;" (ii) "[i]f the Debtor fails to cure the arrearage owed to Secured Creditor by July 27, 2016, Secured Creditor is granted *in rem* relief from the automatic stay, without any further order of the Court;" and (iii) [t]his Settlement settles the issues raised by Secured Creditor's Motion for Relief from Stay (Case No. 16-03694, Docket No. 17). On July 29, 2016, the Chapter 7 Trustee filed a *Notice of Abandonment of Property* in which he abandoned Debtor's interest in the real property which he claimed as exempt in the amount of $60,000.00. (Case No. 16-03694, Docket No. 20). On August 9, 2016, the Court approved the Settlement Agreement/ Stipulation (Case No. 16-03694, Docket No. 25). On September 8, 2016, the court ordered the Debtor's discharge under 11 U.S.C. §727 (Case No. 16-03694, Docket No. 29).

Thereafter, on February 28, 2020, the Debtor filed his second bankruptcy petition under Chapter 13 of the Bankruptcy Code (Case No. 20-01105).  The Debtor included in Schedule A/B: Property, a fee simple ownership interest in a single-family home in Bo. Candelaria Carr 647, Km. 5.6 in Vega Alta, PR and disclosed that the current value of the entire property was in the amount of $40,000.00 and the current value of the portion he owned was in the amount of $40,000.00. (Case No. 20-01105, Docket No. 1). The Debtor in Schedule C: The Property You Claim as Exempt included the same property as in Schedule A/B and disclosed that the amount of the exemption of the real property in Barrio Candelaria was $13,622.79 pursuant to 11 U.S.C.§ 522(d)(1). The Debtor in Schedule D: Creditors Who Have Claims Secured by Property disclosed that the only secured claimant was Oriental Bank with a claim in the amount of $5,465.95 and the value of the collateral (vehicle: 2014 Toyota Yaris) that supported this claim was in the amount of $5,500.00. (Case No. 20-01105, Docket No. 1).  The Debtor in Schedule E/F: Creditors Who Have Unsecured Claims, the only unsecured claimant that was included was Nationstar Mortgage, LLC with an unsecured claim in the amount of $0.00 (Case No. 20-01105, Docket No. 1).

On March 27, 2020, U.S. Bank filed proof of claim number 1-1 as a secured mortgage creditor and disclosed that its claim was secured by the debtor's principal residence and the amount of the claim that was secured is in the amount of $45,289.29 and the amount of the claim that was unsecured is in the amount of $0.00 and the amount necessary to cure any default as of the date of the petition was $22,208.73.  The court notes that this is the only proof of claim that has been filed in this case.

On April 23, 2020, U.S. Bank filed an *Objection to Confirmation of Debtor's Chapter 13 Plan* because the Chapter 13 plan did not include treatment of U.S. Bank's secured claim. The subject property and claim are listed in Debtor's schedules. (Case No. 20-01105, Docket No. 15). On May 8, 2020, a confirmation hearing was held, and the plan was not confirmed (Case No. 20-01105, Docket No. 20). On May 12, 2020, the Debtor filed an Amended Schedule C in which the Debtor included the same property as in Schedule A/B and disclosed that the amount of the exemption of the real property in Barrio Candelaria was $40,000.00 pursuant to 31 P.R. Laws

-4-

Ann. §§385(a), 1851 et seq. (Case No. 20-01105, Docket No. 19). On June 26, 2020, the Debtor filed the First Amended Plan (Case No. 20-01105, Docket No. 25). On June 26, 2020, the Debtor filed an *Objection to Proof of Claim #1* due to the following: (i) the proof of claim was not filed with evidence that the alleged underlying debt is secured by the real property in question and the title search attached to the POC indicated that the real property is free and clear of liens; and (ii) any *in personam* claim against the Debtor by US Bank was previously discharged in bankruptcy case number 16-03694. (Case No. 20-01105, Docket No. 26). The court notes that the title study attached to the proof of claim by US Bank and referenced by the Debtor is dated March 17, 1999 which predates the date the mortgage was executed which was April 19, 1999. On July 31, 2020, the Court granted the Debtor's objection to proof of claim #1 given that the same was unopposed (Case No. 20-01105, Docket No. 31). On August 19, 2020, the Debtor filed a Second Amended Chapter 13 Plan (Case No. 20-01105, Docket No. 34). On September 15, 2020, the Order confirming the Second Amended Chapter 13 Plan was docketed (Case No. 20-01105, Docket No. 39).

Thereafter, on January 27, 2021, the Debtor filed the instant adversary proceeding based upon willful violation of the discharge injunction, FDCPA, willful violation of the automatic stay and actual and punitive damages. On March 25, 2021, U.S. Bank as serviced by its authorized servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper filed its *Answer and Affirmative Defenses to Complaint* (Docket No. 18). The court notes that U.S. Bank as part of its *Answer and Affirmative Defenses to the Complaint* attached as Exhibit A, a Title Study dated November 13, 2020 that evinces that the mortgage deed and the subsequent modification of the mortgage deed were registered on the Debtor's parents' real property (Docket No. 18, Exhibit A, pgs. 29-30).

On April 5, 2021, Aldridge Pite filed a *Motion to Dismiss Complaint and the Memorandum of Law in Support of Motion to Dismiss* (Docket Nos. 19 & 20) arguing that the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because: (i) the complaint fails to allege well pleaded facts to establish that the Defendant is a "debt collector" and/or a "collection agency" as defined in section 1692(a)(6) of the FDCPA.

"Plaintiff's self-serving allegation that "Defendant Aldridge is a law firm regularly engaged to collect or attempt to collect directly or indirectly, [debts] owed or due or asserted to be owed or due to another' is a conclusory allegation unsupported by any fact and ought not to be considered to defeat a motion to dismiss;" and (ii) courts have consistently ruled that filing a proof of claim in bankruptcy court does not constitute the sort of abusive collection practice proscribed by the FDCPA, and that such a filing cannot serve as the basis for an FDCPA action (Docket No. 20). Also, on April 5, 2021, Aldridge Pite filed a *Request for Judicial Notice* as to certain documents that had been filed as part of the public record in Debtor's prior bankruptcy petition case (Docket No. 21). On April 20, 2021, the Plaintiff filed a *Motion Requesting Extension of Time* to answer the motion to dismiss and the same was granted on April 21, 2021 (Docket Nos. 22 & 23). On May 20, 2021, the Plaintiff filed a second *Motion Requesting Extension of Time* to file a response to the motion to dismiss and the same was granted on May 21, 2021 (Docket Nos. 25 & 26). On June 3, 2021, the Plaintiff filed a third *Motion Requesting Extension of Time* to reply to the motion to dismiss. (Docket Nos. 28). On June 10, 2021, the Plaintiff filed a *Motion for Continuance of Preliminary Pre-Trial and Scheduling Conference* (Docket No. 29). On June 10, 2021, the court granted both the Plaintiff's third request for an extension of time and the motion requesting that the pretrial be continued without a date. (Docket No. 30). On June 17, 2021, the Debtor/Plaintiff filed its *Opposition to the Motion to Dismiss Count III, But Agreement or Consent to Dismissal of Count II* contending that: (i) the Complaint sufficiently pleads that Defendant is a "debt collector" as defined under the FDCPA. Defendant's *Motion to Dismiss* lacks any factual basis to oppose Plaintiff's allegations; and (ii) "Defendant's legal contention that the Bankruptcy Code and Bankruptcy Rules preempt an FDCPA claim for the filing of a violative proof of claim, has been universally rejected by all, but one court, which have recently considered the issue." (Docket No. 32).

**Legal Issues**

The court wants to clarify that the Plaintiff in its *Opposition to Motion to Dismiss* disclosed that it consents to the dismissal of count II of the complaint which was for willful

violations of the discharge injunction but that it opposes count III which is for violations under the FDCPA. The two (2) legal issues regarding the alleged FDCPA violations are: (i) whether the complaint includes well-pleaded facts that establish that Aldridge Pite is a "debt collector" and/or a debt "collection agency" as defined by the FDCPA; and (ii) whether filing a proof of claim in bankruptcy court constitutes the sort of abusive collection practice proscribed by the FDCPA.

Applicable Law and Analysis

*Fed. R. Civ. P. 12(b)(6)*

"The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita-Acosta), 464 B.R. 86, 90 (Bankr.D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9-10 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012); Guadalupe-Báez v. Pesquera, 2016 U.S. App. Lexis 7173, *7 (1st Cir. 2016).

However, before considering Aldridge Pite's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether it has jurisdiction to entertain the FDCPA claim.

***Jurisdiction of bankruptcy court to consider actions under the FDCPA***

This court in Roman-Perez v. Operating Partners Co. LLC (In re Roman Perez), 527 B.R. 844, 864 (Bankr. D.P.R. 2015) held that, "… remedies under the FDCPA are available in bankruptcy when Debtors have no other remedies for damages under the Bankruptcy Code for

-8-

the same actions. The court follows the reasoning in Simmons v. Roundup Funding, LLC: '[t]he FDCPA is designed to protect defenseless debtors and to give them remedies against abuse by creditors… [t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself. 622 F. 3d. at 96.'" 527 B.R. at 864.

The Debtor in the instant adversary proceeding before the court consented to the dismissal of count II of the complaint, which was for willful violation of the discharge injunction, but it opposes count III which pertains to violations under the FDCPA for defendant Aldridge Pite.

This court in In re Roman-Perez, 527 B.R. at 850 provided the legal basis regarding the obligation of a court to *sua sponte* inquire into its subject matter jurisdiction. The analysis was the following:

> "[t]he jurisdiction of bankruptcy courts is created and limited by statute. See Celotex Corp. v. Edwards, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995). "[A] court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997). Also see In re Sheridan, 362 F.3d 96, 100 (1st Cir. 2004) ("courts are duty-bound to inquire, *sua sponte*, even absent objection by any party" into the question of jurisdiction); McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.") Accordingly, jurisdictional issues may be raised by the court *sua sponte*. See Fed. R. Civ. P. 12(h)(3), applicable in bankruptcy adversary proceedings through Fed. R. Bankr. P. 7012(b); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting"); Goldsmith v. Massad (In re Fiorillo), 494 B.R. 119, 142 (Bankr. D. Ma. 2013) (bankruptcy courts are "obligated to determine whether and to what extent [they] have jurisdiction to hear and determine all counts of the complaints."); Feliciano v. DuBois, 846 F. Supp. 1033, 1041 (D. Mass. 1994) ("a court always has an obligation to consider, even on its own initiative as well as on motion of an opposing party, whether it has subject matter jurisdiction"); County Schools, Inc. v. United States Department of Education (In re County Schools), 163 B.R. 424, 426 (Bankr. D. Conn. 1994) (a court may raise jurisdiction issues *sua sponte*); Trager v. Internal Revenue Service (In re North Star Contracting Corp.), 146 B.R. 514, 518 (Bankr. S.D.N.Y. 1992) (same); In re Perry, 391 F.3d 282, 284-285 (1st Cir. 2004) (requesting, *sua sponte*, supplemental briefing on a jurisdictional issue). "No matter how tantalizing a problem may be, a federal [] court cannot scratch intellectual itches unless it has

jurisdiction to reach them." <u>Director, OWCP v. Bath Iron Works Corp.</u>, 853 F.2d 11, 13 (1st Cir. 1988)." <u>In re Roman-Perez</u>, 527 B.R. at 850-51.

The court in <u>Martinez Arzuaga v. Quantum, Servicing Corp.</u> (<u>In re Martinez Arzuaga</u>), 2012 Bankr. LEXIS 1443 at *12-13, 2012 WL 1120673 at *5 (Bankr. D.P.R. 2012) analyzed whether a bankruptcy court had jurisdiction to adjudicate claims under the FDCPA and its analysis was the following:

> "[w]hether the claims are sufficiently "related to" a bankruptcy case is a question of whether they are "sufficiently connected" to the debtor's reorganization. The Third Circuit has established a much-cited standard for determining whether a proceeding is "related." <u>In Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3rd Cir. 1984), the court described the test as whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." The First Circuit has recognized this standard. See <u>In re G.S.F. Corp.</u>, 938 F.2d 1467, 1475 (1st Cir. 1991). In addition, numerous First Circuit, district and bankruptcy courts have accepted and applied this test. See, e.g., <u>In re Santa Clara County Child Care Consortium</u>, 223 B.R. 40, 45 (B.A.P. 1st Cir. 1998) [*13] (providing a lengthy list of First Circuit district and bankruptcy courts adopting the Pacor test). Simply stated, if the determination of the controversy could have an effect on the bankruptcy estate, the controversy is a "related matter." 28 U.S.C.A. § 157(a).
>
> A FDCPA claim does not "arise under" or "arise in" a Title 11 case, nor is it "related to" a Title 11 case because win, lose or draw, the outcome of Plaintiffs' FDCPA claim cannot conceivably have any effect on the bankruptcy estate because the Plan has been completed and because the discharge has been entered. See <u>McGlynn v. Credit Store, Inc.</u>, 234 B.R. 576, 584 (D.R.I. 1999) quoting <u>In re Goldstein</u>, 201 B.R. 1, 5 (Bankr.D.Me. 1996) and <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984) (reversed on other grounds). An FDCPA claim regarding post-discharge conduct that does not impact in any way the bankruptcy estate does not fall under Title 11's jurisdictional umbrella because any remedies gained under the FDCPA inure to the plaintiff and not to the bankruptcy estate. Id."

See also <u>In re Roman-Perez</u>, 527 B.R. at 852-854; <u>Torres Melendez v. Collazo Connelly & Surillo, LLC (In re Torres Melendez)</u>, 2020 Bankr. LEXIS 297, at *4-5 (Bankr. D.P.R. Feb. 3, 2020).

"Hence, an action is 'related to' bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." <u>In Pacor, Inc. v. Higgins</u>, 743 F.2d at 994.

The amended chapter 13 plan of reorganization was confirmed on September 15, 2020 (Lead Case No. 20-01105, Docket No. 39). The amended confirmed plan dated August 19, 2020 (Lead Case No. 20-01105, Docket No. 34) only pays attorney's fees under part 4.3 of the plan. The only proof of claim in this case was filed by U.S. Bank. The Debtor objected to this claim and the same was granted on July 31, 2020 because no response was filed (Lead Case No. 20-01105, Docket No. 31). In the instant case, if the Plaintiff successfully prosecutes the FDCPA claim, any recovery would be for his personal benefit, not the estate's given that pursuant to the confirmed amended plan there are no claims to be paid through the plan, except for the attorney's fees in the amount of $3,635.00 (Lead Case No. 20-01105, Docket Nos. 34 & 39). The plan base was in the amount of $10,800 and thus far $3,900.00 has been paid as of July 29, 2021 pursuant to the *Trustee's Motion to Dismiss* (Lead Case No. 20-01105, Docket No. 63). As of August 2, 2021, the total amount of $4,900.00 has been approved for attorney's fees through four (4) applications for compensation (Lead Case No. 20-01105, Docket Nos 29, 38, 43 & 64). The confirmed amended plan dated August 19, 2020 only contemplates to pay for attorney's fees. Moreover, the only claim filed in the instant case was disallowed. Thus, the only party that would benefit if the Debtor pays the plan arrears would be the attorney. More importantly if the prosecution of the claim is successful, any recovery would be for the Debtor's personal benefit, not the Chapter 13 bankruptcy estate's. There is no nexus between the determination of this controversy and the administration of the estate. Therefore, this court finds that it has no jurisdictional authority over Plaintiff's FDCPA claim.

## Conclusion

In view of the foregoing, this court finds that it has no jurisdictional authority over Plaintiff's FDCPA claim. Therefore, the Defendant's *Motion to Dismiss* is hereby granted.

SO ORDERED.

In San Juan, Puerto Rico, this 13th day of September, 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-